IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Mitchell Williams           :   CIVIL ACTION NO: 1.18-315
          Plaintiff         :
                            :
Vs.                         :
                            :   JURY TRIAL DEMANDED
Michael Clark, Paul Ennis,  :
Earl Jones, Jeri Smock,     :
Michael Edwards, Daniel Stroup, :
Dorina Varner, Kerri Moore, :
Dr. Jose Boggio, Dr. Rekha  :
Halligan, Dr. Anthony Michael :
Letizio, Alexis Secara      :
          Defendants        :

COMPLAINT

## I. INTRODUCTORY STATEMENT

This is a civil rights action for damages sustained by a
citizen of the United States that is currently in custody of the
Pennsylvania Department of Corrections and housed at SCI-Albion.
The staff at SCI-Albion has inflicted cruel and unusual
punishment upon Plaintiff for their failure to properly and
timely treat Plaintiff's medical ailments in violation of the
Eighth (8) Amendment and Fourteenth (14) Amendment of the United
States Constitution.

## II. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to
redress the deprivation, under color of state law rights secured
by the United States Constitution. This Court has jurisdiction
under 28 U.S.C. § 1331 and 1343 (a)(3).

2. The Western District of Pennsylvania is an appropriate
venue under 28 U.S.C. § 1391(b)(2), because it is where the
events that give rise to this cause of action took place.

## III. PARTIES

3. Plaintiff, Mitchell Williams is a resident of Pennsylvania
currently incarcerated at SCI-Albion at 10745 Route 18, Albion,
PA 16475.

RECEIVED   RECEIVED   OCT 15 2018   OCT 15 2018   CLERK, U.S. DISTRICT COURT   WEST. DIST. OF PENNSYLVANIA   CLERK, U.S. DISTRICT COURT   WEST. DIST. OF PENNSYLVANIA

4. Defendant, Superintendent Michael Clark is the commanding official at SCI-Albion and he is responsible for the training, supervision and conduct of all personnel including but not limited to contract employees too. He is also responsible for enforcing policies, procedures, regulations and laws of Pennsylvania and the United States. At all times relevant hereto he was acting in such a capacity as an agent, servant and employee of the Pennsylvania Department of Corrections. He is sued in his individual and official capacity.

5. Defendant, Deputy Superintendent Paul Ennis is the deputy commanding official at SCI-Albion. He is responsible for the training, supervision and conduct of all personnel including but not limited to contract employees too. He is also responsible for enforcing policies, procedures, regulations and laws of Pennsylvania and the United States. At all times relevant hereto he was acting in such a capacity he was acting in such a capacity as an agent, servant and employee of the Pennsylvania Department Corrections. He is sued in his individual and official capacity.

6. Defendant, Security Captain Earl Jones is the official responsible for the security of SCI-Albion. He is responsible for the training, supervision and conduct of the security staff at SCI-Albion. He is also responsible for the training, supervision and conduct of contract employees too. At all times relevant hereto he was acting in such a capacity as an agent, servant and employee of the Department of Corrections. He is sued in his individual and official capacity.

7. Defendant, Correctional Health Care Administrator Jeri Smock is responsible for the health care and well being of all inmates housed at SCI-Albion. He is responsible to see that all health care policies, procedures and directives are followed and that inmates receive proper and timely health care. At all times relevant hereto he was an agent, servant and employee of Correction Care Solutions and the Pennsylvania Department of Corrections. He is sued in his individual and official capacity.

8. Defendant, Registered Nurse Michael Edwards is responsible for treating inmates housed at SCI-Albion with proper and timely health care. At all times relevant hereto he was acting in such a capacity as an agent, servant and employee of Correction Care Solutions and the Pennsylvania Department of Corrections. He is sued in his individual and official capacity.

9. Defendant, Physician Assistant Daniel Stroup is responsible for treating inmates housed at SCI-Albion with proper and timely health care. At all times relevant hereto he was acting in such a capacity as an agent, servant and employee of Correction Care Solutions and the Pennsylvania Department of Corrections. He is sued in his individual and official capacity.

(2)

10. All Defendants listed in paragraphs 4-9 can be properly served at SCI-Albion 10745 Route 18, Albion, PA 16475.

11. Defendant, Dr. Jose Boggio at all times relevant hereto was responsible for the proper and timely health care treatment of all inmates at SCI-Albion. He is also responsible for the training, supervision and conduct of all health care employees at SCI-Albion. At all times relevant hereto he was acting is such a capacity as an agent, servant and employee of Correction Care Solutions and the Pennsylvania Department of Corrections. He is sued in his individual and official capacity. Service appropriate at 903 Longpoint Drive, Erie, PA 16475.

12. Defendant Dr. Rekha Halligan at all times relevant hereto was responsible for the proper and timely treatment of all inmates at SCI-Albion. SHe is also responsible for the training, supervision and conduct of all health care employees at SCI-Albion. At all times relevant heretoshe was acting in such a capacity as an agent, servant and employee of Correction Care Solutions and the Pennsylvania Department of Corrections. SHe is sued in her individual and official capacity. Service is appropriate at 350 Bayfront Bikeway #C, Erie, PA 16507.

13. Defendant, Physician Assistant Alexis Secara at al times relevant hereto was responsible for the proper and timely health care treatment of all inmates at SCI-Albion. At all times relevant hereto she was acting in such a capacity as an agent, servant and employee of Correction Care Solutions and the Pennsylvania Department of Corrections. She is sued in her individual and official capacity. Service is appropriate at 232 West 25th Street, Erie, PA 16544.

14. Defendant, PA Anthony Michael Letizio at all times relevant hereto was responsible for the proper and timely health care treatment of all inmates at SCI-Albion. He is also responsible for the training, supervision and conduct of all health care employees at SCI-Albion. At all times relevant hereto he was acting in such a capacity as an agent, servant and employee of Correction Care Solutions and the Pennsylvania Department of Corrections. He is sued in his individual and official capacity. Service is appropriate at 2409 State Street #2, Erie, PA 16503.

15. Defendant, Chief Grievance Coordinator Dorina Varner is responsible for processing, answering and assuring due process in the inmate grievance system. At all times relevant hereto she was acting in such a capacity as an agent, servant and employee of the Pennsylvania Department of Corrections. She is sued in her individual and official capacity. Service is appropriate at 1920 Technology Parkway, Mechanicsburg, PA 17050.

16. Defendant, Assistant Grievance Coordinator Kerri Moore is responsible for processing, answering and assuring due process in the inmate grievance system. At all times relevant hereto she was acting in such a capacity as an agent, servant and employee of the Pennsylvania Department of Corrections. She is sued in her individual and official capacity. Service is appropriate at 1920 Technology Parkway. Mechanicsburg, PA 17050.

IV. ALLEGATIONS

17. On October 4, 2016, Plaintiff went to the medical department pursuant to a Sick Call request he submitted to renew his pain medication Mobic.

18. Defendant Alexis Secara (Secara) refused to reorder the Mobic and refused to perform an examination of Plaintiff as he requested to assure proper treatment. Plaintiff requested to speak with a the doctor and Dr. Boggio arrived. Dr. Boggio also refused to reorder the Mobic and told Plaintiff he should order Ibuprofen from commissary and try stretching exercises. Plaintiff informed them that he has tried this and it had not helped.

19. Plaintiff's medical records have been documented with Lower Back Altercation since 2001 and on March 8, 2016, Defendant P.A. Daniel Stroup (Stroup) documented Plaintiff's medical records that Plaintiff's L2-3 from flex + rom facet B/L, S/R - BL faber R facet of Plaintiff's lumbar. Thus, on October 4, 2016, Secara and Boggio could clearly see that Plaintiff had back issues and was issued a mobic for a six (6) month period starting on March 15, 2016. See Exhibit A.

20. On October 4, 2016, Plaintiff immediately wrote "acting" correctional health care administrator Michael Edwards about his mobic not being reordered and that Defendants Secara and Boggio failed to perform a physical or assessment of Plaintiff. Edwards agreed there is no chronic clinic for back pain and that Plaintiff is experiencing a recurrence of his condition. Correction Care Solutions supervisor of Defendants Secara and Boggio would not approve a physical or assessment of Plaintiff, See Exhibit B. However, Plaintiff was still charged a co-pay for a visit that resulted in no treatment.

21. Plaintiff filed his first grievance on this issue on October 12, 2016 (Grievance #648193). Plaintiff then spoke to S.C.I. Albion's newly appointed correctional health care administrator, Jeri Smock, on May 5, 2017 and by inmate request on May 10, 2017 as continued efforts to receive a physical exam and/or MRI on his back for a correct diagnosis so he could receive proper treatment. See Exhibit C.

22. Plaintiff made Defendant Smock aware of his deteriorating condition and he was prescribed only Ibuprofin on May 24, 2017, without any physical exam or assessment.

23. Plaintiff finally received a temporary cane, and X-ray on December 18, 2017, which indicated Plaintiff is suffering from Spinal Degenerative Joint Disease. Defendant Smock was made aware of Plaintiff's condition verbally and by an inmate request to staff by Plaintiff. See Exhibits D and E.

(4)

24. On December 28, 2017, Plaintiff saw Defendants Halligan and Stroup, both of which were of his diagnosis of Spinal Degenerative Joint Disease, alteration of lower back along with a knot on his hip, causing numbness in the right leg, all through Plaintiff's foot to the tips of his toes. Defendants failed to investigate these conditions and Defendant Halligan noted ".remove wheelchair and cane as unauthorized." This was made under the advisement of Defendant Stroup. However, Plaintiff's housing unit Sergeant Delaney made an observation as a lay person that Plaintiff needed a wheelchair to make it to the Medical Department.

25. On January 12, 2018, Plaintiff filed a second grievance (#716103) in relation to his existing back condition being so serious that he could not support his own weight, and he fell on January 2, 2018 and January 8, 2018 on the walkway and had to be admitted to the infirmary.

26. Plaintiff was in the Infirmary with his condition still deteriorating with his toes curling, and numbness in his legs. Plaintiff was released from the Infirmary on January 12, 2018, and was made to walk back to J unit by holding onto another inmate's shoulder. Plaintiff then fell again on January 30, 2018, and injured his left shoulder and elbow. This injury has yet to be accurately diagnosed and treated.

27. As an Initial Review response to Plaintiff's second grievance (#716103), he was referred by Physical Therapist Reynolds to be seen by an orthopedist via Telemed, due to the fall on JA Unit. see Exhibit F.

28. Plaintiff tried to retain video footage within fifteen (15) working days of the incident on January 12, 2018, when the medical department made Plaintiff walk back to J Unit by holding another inmate's shoulder. Plaintiff was told there was no video footage available for January 12, 2018, by Defendant Jones. Plaintiff submitted an inmate request to Defendant Jones on January 12, 2018, and to Defendant Clark on January 17, 2018. See Exhibit G.

29. Plaintiff submitted inmate request slips to Defendant Smock on January 31, 2018, Defendant Edwards on February 3, 2018, and Defendant Ennis on February 5, 2018, along with another grievance (#723796), informing them of his worsening condition and his fall, which resulted in the injury to his shoulder and elbow. See Exhibit H.

30. Defendant Smock responded to grievance (#716103) by stating that "X-rays were ordered and only show mild degenerative disease." There was no X-ray or examination by an orthopedic specialist for Plaintiff's shoulder and elbow as indicated by Defendant Smock in her Initial Review Response to grievance (#716103). Plaintiff only received steroids and anti-inflammatory medication and the pain did not subside or alleviate to date.

31. Defendant Letizio was fully aware of Plaintiff's condition and the severity of the condition was acknowledged by Dr. Ali A. Salem El-Zuway of UPMC Hamot Hospital neurosurgeon, and he recommended pain management injections and physical therapy in preparation for surgery. See Exhibit I. The injections were to subside pain so Plaintiff could perform physical therapy. Defendant has failed to follow the recommendation of Dr. Salem El-Zuway and continued with his own course of treatment, which is prolonging Plaintiff's surgery and leaving him in pain and suffering.

32. On April 4, 2018, Defendant Stroup responded to Plaintiff's sick call request and grievance (#734264) by stating "You were seen by neurology telemedicine and as a result of that, an MRI has been ordered, approved and scheduled, and will be used to determine the appropriate treatment for the condition." Plaintiff received the MRI and was then seen by Dr. El-Zuway on May 8, 2018, but the MRI only focused on Plaintiff's back injury, which resulted in a recommendation to receive pain injections and physical therapy. Nowhere in the recommendation did it state anything about the secondary injury to Plaintiff's shoulder and elbow. This was a fraudulent and false report and medical entry by Defendant Stroup to avoid treatment of Plaintiff's shoulder and elbow. See Exhibit J.

33. Defendants Varner and Moore had access to Plaintiff's medical records and all his requests to staff, and failed to render him relief. It is apparent to a lay person that Defendants Clark, Ennis, Jones, Stroup, Smock, Boggio, Secara, Edwards, Halligan, and Letizio have failed to treat Plaintiff for his back injuries and his shoulder and elbow injuries. It is also clear in the record that these Defendants failed to follow the recommendation of Dr. El-Zuway, which is prolonging Plaintiff's surgery, leaving him in pain.

## V. FEDERAL CAUSES OF ACTION

34. Plaintiff incorporates by reference herein paragraphs 1-33 as though fully set forth at length.

## COUNT I: Deliberate Indifference To A Serious Medical Need

35. Defendants Boggio and Secara had direct contact with Plaintiff on October 4, 2016, where Plaintiff was seeking to have his mobic pain medication renewed, and an examination for proper treatment for documented medical condition of "lower back altercation." There was additional documentation by Defendant Stroup at this time and they failed to examine Plaintiff or reorder his ongoing pain medication. This left Plaintiff with pain and suffering, and his condition deteriorating. These actions violated the Eighth (8th) Amendment of the United States Constitution where they knew of a medical condition and failed to treat, displaying deliberate indifference to a serious medical need.

36. Defendants Secara and Boggio could have investigated Plaintiff's medical claims and records on October 4, 2016, and could have examined him but their failure to do so caused undue delay in treatment for Plaintiff that has been found to be needed. They allowed his condition to deteriorate and left him to suffer for non-medical reasons, demonstrating deliberate indifference to a serious medical need, in violation of the Eighth (8th) Amendment of the United States Constitution.

37. Defendant Edwards was made aware of Plaintiff's non-treatment by Defendants Secara and Boggio on October 4, 2016, and was in agreement with Sacara's and Boggio's actions. Edwards also charged Plaintiff a co-pay for the medical visit where nothing was done where Secara and Boggio told Plaintiff to order Ibuprofin on commissary, and exercise. This prolonged Plaintiff's needed treatment and demonstrated a deliberate indifference to a serious medical need, in violation of the Eighth (8th) Amendment of the United States Constitution.

38. Defendant Smock was made aware of Plaintiff's condition on May 5, 2017, and May 10, 2017, and nothing was done at that time by Defendant Smock. On December 18, 2017, Plaintiff was given an X-ray that indicated he is suffering from Spinal Degenerative Joint Disease. Plaintiff had only received a temporary cane and Ibuprofin at this time, and the delay caused by Defendant Smock demonstrated a deliberate indifference to a serious medical need, in violation of the Eighth (8th) Amendment of the United States Constitution.

39. Defendant Stroup has delayed treatment of Plaintiff's back injury since at least March 8, 2016, when he made entries into Plaintiff's medical records about his injuries and he failed to recognize recommendations that Dr. El-Zuway that needed to be done in order for surgery to be performed. He has also failed to recognize, assess and treat Plaintiff's shoulder and elbow injury from his fall. This demonstrates a deliberate indifference to a serious medical need, in violation of the Eighth (8th) Amendment of the United States Constitution.

40. On December 28, 2017, Defendant Halligan removed Plaintiff's cane as unauthorized, along with a wheelchair. This was done at the advisement of Defendant Stroup, and this caused the Plaintiff to fall and injure his shoulder and elbow, which they failed to assess and treat. This demostrates a deliberate indifference to a serious medical need, in violation of the Eighth (8th) Amendment of the United States Constitution.

41. Defendant Letizio was aware of the seriousness of Plaintiff's medical condition and the recommendation for a course of treatment from Dr. El Zuway, which was needed in order for him to perform surgery. However, Defendant Letizio went with his own course of treatment, which has delayed Plaintiff's surgery and his course of treatment is not effective, and leaves Plaintiff in pain and suffering. This demonstrates a deliberate indifference to a serious medical need, in violation of the Eighth (8th) Amendment of the United States Constitution.

42. Defendants Clark, Ennis and Jones were all made aware of Plaintiff's medical condition and non-treatment and the reason that treatment is being delayed. They are officials with the authority at S.C.I. Albion to see that Plaintiff would receive proper and timely treatment, but they failed to intervene, and leave Plaintiff in pain and suffering for non-medical reasons, demonstrating a deliberate indifference to a serious medical need, in violation of the Eighth (8th) Amendment of the United States Constitution.

43. Defendants Varner and Moore are grievance officials that read all Plaintiff's grievances and had access to his medical records and they failed to grant him relief that is so apparent to a lay person that treatment is needed because Plaintiff suffers from pain and is now bound to a wheelchair, because he has not been properly treated, and his surgery has been delayed with malicious intent. Therefore, they have demonstrated a deliberate indifference to a serious medical need, in violation of the Eighth (8th) Amendment of the United States Constitution.

## VI. EXHAUSTION OF INTERNAL REMEDIES

44. Plaintiff has filed several grievances related to this matter (#648193, #716103, #723796, #734264) and he has taken them all to the final level of appeal. They are attached hereto, and it can be seen that Plaintiff has clearly met the PLRA exhaustion requirement.

## VII. RELIEF

45. Plaintiff prays upon this Honorable Court to grant him judgement in his favor as follows:

46. A declaration that Plaintiff's rights were violated.

47. An order directing Defendants to properly treat Plaintiff and have the surgery performed.

48. Compensatory damages in the amount excess of $75,000 per Defendant jointly and separately.

49. Any other relief this Honorable Court deems just and appropriate in the circumstances.

Date: 10 / 10 / 18

Respectfully Submitted,

Mitchell Williams Pro Se
Mitchell Williams
Inmate ID# DG-1114
S.C.I. Albion
10745 Route 18
Albion, PA 16475-0002