# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL WILLIAMS,<br><br>　　　　Plaintiff<br><br>vs.<br><br><br>MICHAEL CLARK, et al.,<br><br>　　　　Defendants | Case No. 1:18-cv-315<br><br><br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>ORDER ON<br>PLAINTIFF'S MOTION FOR<br>TEMPORARY RESTRAINING ORDER<br>[ECF No. 57] |

Pending before the Court is Plaintiff Mitchell Williams' motion for a temporary restraining order. ECF No. 57. In his motion, Williams asserts various prison medical officials are currently displaying deliberate indifference to his serious medical needs by failing to carry out a "treatment plan" recommended by UPMC-Hamot physicians. *Id.* By way of background, Williams' Complaint alleges that he has suffered from "lower back altercation" and degenerative disc disease since 2001. ECF No. 3, ¶ 19. As a result of these conditions, Williams experienced symptoms including lower back pain, numbness in his legs, and falls. ECF No. 3, ¶ 19, 24-25. He now seeks an order of Court directing Defendants to carry out the "treatment plan," which allegedly included referral to a pain management clinic and an injection in his SI joint. ECF No. 57.

Defendants responded by submitting over 200 pages of Williams' medical history and records, as well as an affidavit from Dr. Amanda Hartwell, Medical Director at SCI Albion. *See generally* ECF Nos. 60-1; 60-2. In the affidavit, Dr. Hartwell discusses Williams' treatment

1

history, diagnoses, current treatment, and reasons for declining some of the UPMC-Hamot physicians' recommendations.

Preliminary injunctive relief is extraordinary in nature and is left to the discretion of the trial judge. *Orson, Inc. v. Miramax Film Corp.*, 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit must consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).

The burden of introducing evidence to support the issuance of preliminary injunctive relief is on the moving party with respect to the first two factors. *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994). An absence of either of the first two factors warrants the denial of a request for preliminary injunctive relief. *Id.*; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

The United States Court of Appeals for the Third Circuit has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. A Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

Turning now to the present case, Williams requests that the Court direct prison medical officials to perform or order specific medical procedures or tests in order to carry out the "treatment plan." According to Williams' motion, the treatment plan arose after the following medical procedures:

- A consultation by doctors at UPMC-Hamot for treatment of spinal lumbar degenerative disc disease on May 8, 2018, August 14, 2018, and March 7, 2019;

- A transfer from SCI Albion to SCI Laurel Highland for physical therapy on April 10, 2019, and a transfer back to an SCI Albion handicap cell at an unspecified time; and,

- A consultation by doctors at UPMC-Hamot in relation to his degenerative disc disease on August 5, 2019. A physician, Dr. El-Zuway, referred Williams to "pain management for consideration of a right SI joint Injection." Dr. El-Zuway further stated "his prison physician may want to consider gabapentin as well. No further follow-up is needed with the neurosurgery office at this time."

ECF No. 57-4. Dr. El-Zuway's statements form the substance of the "treatment plan." The Court will analyze each aspect of the plan separately.

First, regarding Williams' request for prescription of gabapentin,[1] Dr. Hartwell reviewed Williams' medical file upon his return to SCI Albion. In consultation with a neurologist, she

---

[1] According to the Mayo Clinic, "Gabapentin is used to help control partial seizures (convulsions) in the treatment of epilepsy. [...] Gabapentin is also used in adults to manage a condition called postherpetic neuralgia, which is pain that occurs after shingles. Gabapentin works in the brain to prevent seizures and relieve pain for certain conditions in the nervous system. *It is not used for routine pain caused by minor injuries or arthritis.* Gabapentin is an anticonvulsant." (emphasis added).
   The Court may take judicial notice of these background facts pursuant to Federal Rule of Evidence 201(b)(2) because they are "not subject to reasonable dispute [and are] capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned." *See, e.g., Rankins v. Washington*, 2017 WL 4364060, at *3 (W.D. Mich. Sep. 29, 2017) (taking judicial notice of facts presented on the Mayo Clinic's website).

3

ordered an electromyography[2] (EMG) of the lower extremities, in order to determine whether Williams' symptoms were caused by nerve issues. (ECF No. 60-2, p. 29). On December 3, 2018, Mr. Williams was again sent to UPMC-Hamot for EMG testing by Dr. Erica Grazioli. Dr. Grazioli reported that the nerve conduction studies of his right lower leg, including proximal conductions, were normal. Needle electrode examination of the right lower extremity, including paraspinals, was also normal. Her conclusion was that there was no electrodiagnostic evidence for a right lower extremity radiculopathy, plexopathy, or mononeuropathy. (ECF No. 60-2, p. 7).

In her affidavit, Dr. Hartwell stated that a prescription for gabapentin "would not be expected to provide any relief" because gabapentin is used for the treatment of neuralgic symptoms. ECF No. 60-1, p. 3-4. She further stated that this conclusion was based on the fact that the EMG test found no electrodiagnostic evidence of any nerve compromise in Williams' legs. Dr. Hartwell's declination of a gabapentin prescription is reasonable and based on Williams' medical history. *Id.*

Based on the forgoing, the Court finds that Williams' complaint *vis a vis* gabapentin equates only to mere disagreement with a provider's course of treatment; thus, Williams has not shown a likelihood of a likelihood of success on the merits. *See Tillery v. Noel*, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases for the proposition that mere disagreement with a medical provider's course of treatment does not rise to the level of deliberate indifference). Such assertions fail as constitutional claims because "the exercise by a doctor of his professional judgment is never deliberate indifference." *Gindraw v. Dendler*, 967 F. Supp. 833, 836 (E.D. Pa. 1997). It is a "well-established rule that mere disagreements over

---

[2] According to the Mayo Clinic, "Electromyography (EMG) is a diagnostic procedure to assess the health of muscles and the nerve cells that control them (motor neurons). EMG results can reveal nerve dysfunction, muscle dysfunction or problems with nerve-to-muscle signal transmission." The Court may take judicial notice of these background facts pursuant to Federal Rule of Evidence 201(b)(2), *supra.*

4

medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F. 2d 103 (3d Cir. 1990).

Second, regarding Williams' request for a referral to a pain management clinic for consideration of an injection in his SI joint, the Court likewise finds that Williams has failed to establish a likelihood of success on the merits. Dr. Hartwell stated in her affidavit that she had previously ordered an epidural steroid injection in May 2019, but that Williams complained that this made the pain worse. ECF No. 60-1, p. 3. Given Williams' statement that the injection made his pain worse, and given the above-discussed results of the EMG test, which found no electrodiagnostic evidence of any nerve compromise in Williams' legs, Dr. Hartwell stated, "I do not believe that an additional steroid injection at the sacroilial level is indicated at the present time." *Id.* The Court finds that Dr. Hartwell's declination of a new injection is based on Williams' medical history and is reasonable. At this stage of the litigation, neither Williams nor the Court may "substitute [their] desires and opinions for the professional judgments of prison officials[.]" *Iseley v. Dragovich*, 236 F.Supp 2d 472, 478 (E.D. Pa. 2002).

Based on the foregoing, Williams has not demonstrated a likelihood of success on the merits. Accordingly, Williams' Motion for a Temporary Restraining Order and/or Preliminary Injunction [ECF No. 57] is denied.

                                                          */s/ Richard A. Lanzillo*
                                                    RICHARD A. LANZILLO
                                                    United States Magistrate Judge

Dated: November 26, 2019