IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL WILLIAMS,<br><br>Plaintiff<br><br>v.<br><br>MICHAEL CLARK, et al.,<br><br>Defendants | Case No. 1:18-00315 (Erie)<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>OPINION ON DEFENDANTS'<br>MOTION TO DISMISS<br>[ECF NO. 33] |

MEMORANDUM OPINION

Plaintiff Mitchell Williams, ("Williams"), an inmate at SCI-Albion, initiated this civil rights action pursuant to 42 U.S.C. § 1983, alleging that several medical practitioners and prison officials violated his Eighth Amendment rights by displaying deliberate indifference to his serious medical needs. ECF No. 3. Presently pending before the Court is the moving Defendants'[1] Motion to Dismiss Williams' Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 33. For the reasons discussed below, Defendants' motion will be granted in part and denied in part.[2]

I.  Factual Background

In his Complaint, Williams alleges that he has suffered from "lower back altercation" and degenerative disc disease since 2001. ECF No. 3, ¶ 19. As a result of these conditions, Williams experienced symptoms including lower back pain, numbness in his legs, and falls. ECF No. 3, ¶

---

[1] The moving Defendants are Clark, Ennis, Jones, Smock, Edwards, Varner, and Moore. These Defendants are all employed by the Commonwealth of Pennsylvania.

[2] All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. See ECF Nos. 5, 25, 38.

1

19, 24-25. Although Williams notes that his back conditions have existed since 2001, he alleges that the conduct upon which he bases this action began in October of 2016, when non-moving Defendant Alexis Secara refused to reorder a prescription for Mobic[3] during a sick call. *Id.* at ¶ 18. Following the sick call, Williams wrote to Defendant Michael Edwards[4] on October 4, 2016, and complained about the inadequacy of his care. *Id.* at ¶ 20. Specifically, Williams informed Edwards that Secara failed to perform a physical examination before deciding not to reorder his prescription for Mobic. *Id.* In addition to informing Edwards of the inadequacy of care, Williams also spoke with, and wrote to, Defendant Jeri Smock[5] on three occasions in May of 2017. *Id.* at ¶ 21. During these communications, Williams informed Smock of his "continued efforts to receive a physical exam and/or MRI on his back for a current diagnosis so he could receive proper treatment." *Id.* Williams also spoke with, and wrote to, Smock in December of 2017, when he informed her of his ongoing condition. *Id.* at 23. During December of 2017, non-moving Defendants Halligan and Stroup ordered that his wheelchair be removed. *Id.* at ¶ 16. In January of 2018, Williams wrote in "inmate request slips" to Defendants Smock and Edwards that his care was inadequate and had resulted in a fall. *Id.* at ¶ 29.

---

[3] According to the Mayo Clinic, Mobic is a trade name for Meloxicam, which "is a nonsteroidal anti-inflammatory drug (NSAID) used to relieve the symptoms of arthritis (juvenile rheumatoid arthritis, osteoarthritis, and rheumatoid arthritis), such as inflammation, swelling, stiffness, and joint pain." *See* https://www.mayoclinic.org/drugs-supplements/meloxicam-oral-route/description/drg-20066928 (last visited November 13, 2019). The Court may take judicial notice of these background facts pursuant to Federal Rule of Evidence 201(b)(2) because they are "not subject to reasonable dispute [and are] capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned." *See, e.g., Rankins v. Washington*, 2017 WL 4364060, at *3 (W.D. Mich. Sep. 29, 2017) (taking judicial notice of facts presented on the Mayo Clinic's website).

[4] At the time, Defendant Edwards served as the Acting Health Care Administrator. At a later unspecified date, Defendant Edwards changed roles and served as the Nursing Supervisor. *Id.* at ¶¶ 8, 20.

[5] Defendant Smock served as the Health Care Administrator at SCI-Albion. *Id.* at ¶ 7.

2

Defendants Dorina Varner and Kerri Moore[6] "had access to Williams' medical records and all his requests to staff, and failed to render him relief." *Id* at ¶ 33. Defendant Jones[7] told Williams that there was no video footage available of an incident in which Williams was forced to walk from the medical department to his cell with the aid of another inmate. *Id.* at ¶ 28. Williams grieved this incident to Defendants Jones and Clark.[8] *Id.* Williams also named Deputy Superintendent Paul Ennis as a defendant, but his Complaint includes no allegation against him. *See generally id.* This matter is fully briefed and ripe for disposition.

II. Standards of Review

   A. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C. Cir. 1992); *Freeman v. Dep't of Corrections*, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a

---

[6] Defendants Varner and Moore served as the Pennsylvania Department of Corrections' Chief Grievance Coordinator and Assistant Grievance Coordinator, respectively. *Id.* at ¶¶ 15, 16.

[7] Defendant Jones served as Security Captain at SCI-Albion. *Id.* at ¶ 6.

[8] Defendant Clark is the Superintendent of SCI-Albion. ECF No. 3, ¶ 4.

3

complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same).

B. Motion to dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower*

4

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

III. Analysis

In his Complaint, Williams alleges that all moving Defendants displayed deliberate indifference to his serious medical needs, as detailed above. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (stating that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment") (internal quotation omitted). To establish a violation of his constitutional right to adequate medical care, a plaintiff must allege facts that demonstrate: (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Such indifference is manifested by an intentional refusal to provide

5

care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

In their Motion to Dismiss, the moving Defendants argue that Williams has failed to state a claim against them because Williams has failed to allege each's requisite personal involvement. It is axiomatic that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. *See Gould v. Wetzel*, 2013 WL 5697866, at *2 (3d Cir. Oct. 21, 2013). Accordingly, each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. App. 297, 300 (3d Cir. 2009). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F.Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation). Williams' claims against each Defendant will be addressed in turn.

A. Defendants Edwards and Smock

Edwards, who served as both the Acting Health Care Administrator and the Nursing Supervisor, and Smock, who served as the Health Care Administrator, argue that Williams has failed to allege their personal involvement. Williams' allegations against Edwards and Smock

consist only of complaints he made to them regarding the care that the non-moving Defendants provided to him.

In *Spruill v. Gillis*, 372 F.3d 218, 224 (3d Cir. 2004), the Court of Appeals for the Third Circuit dismissed an inmate's lawsuit against a corrections officer who heard an inmate's complaints regarding severe back pain. *Id.* The Court noted that "[i]f a prisoner is under the care of medical experts ..., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* at 236. The Court went on to qualify its assertion by stating that "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [ ] will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

In this case, Williams has stated a claim against Edwards. Even if Edwards, the Nursing Supervisor at SCI-Albion, is a "non-medical prison official," Williams alleged that he repeatedly spoke to him and complained of the inadequacies of his care. For that reason, *Spruill* is distinguishable, because the plaintiff in *Spruill* failed to allege that the defendant had any knowledge of the inadequacies in the plaintiff's medical treatment. *Id.* at 236, n. 12. While the corrections officer in *Spruill* knew of the inmate's *condition*, he was not made aware of the inadequacies of the inmate's *treatment*. Thus, at this early stage of the litigation, Williams has stated a claim against Edwards. *See, e.g., Carter v. Smith*, 2009 WL 3088428, at *5 (E.D. Pa. Sept. 22, 2009) (distinguishing *Spruill* on the same grounds and denying motion to dismiss where inmate-plaintiff alleged that prison officials had actual knowledge of inadequacy of care).

The same conclusion applies to Smock. Williams alleged that he repeatedly informed her of the inadequacies of his care. When viewed in the light most favorable to the Williams, the

7

Complaint's allegations against Edwards and Smock support a plausible inference that they knew or had a reason to believe that prison doctors were mistreating or not treating Williams.

B. Defendants Clark, Varner, and Moore

Clark, the Superintendent at SCI-Albion, Varner, the Chief Grievance Coordinator, and Moore, the Assistant Grievance Coordinator, all argue that Williams has failed to sufficiently allege their personal involvement. Williams' single allegation directed towards Clark relates exclusively to a grievance that Williams submitted to him on January 17, 2018. *See* ECF No. 3, ¶ 28. The same is true for his sole allegation against Varner and Moore. *Id.* at ¶ 33.

It is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin v. Swartz*, 951 F.Supp.2d 776, 782 (W.D. Pa. 2013); *see also Mincy v. Chmielsewski*, 508 Fed. App. 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). Accordingly, courts have routinely dismissed civil rights allegations against prison officials whose only knowledge of the alleged violation stemmed from their participation in the grievance process. *See, e.g., Beale v. Wetzel*, 2015 WL 2449622, at *5 (W.D. Pa. May 21, 2015) (dismissing claims against senior prison officials because the only allegations against them arose in the context of their participation in an administrative appeal process); *Mearin*, 951 F.Supp. 2d at 782 (same); *Rogers v. United States*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official.").

8

Where the defendants are supervisory prison officials, liability must still be based on "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990). Nor can Section 1983 liability be predicated solely on the theory of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362 (1976); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's actions); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-95 (3d Cir. 1997) (holding that § 1983 plaintiff is required to show that supervisor personally participated in violating her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Here, because Williams has alleged that Clark's involvement stemmed solely from his role in the prison grievance process, he has failed to sufficiently allege his personal involvement. The mere fact that Clark is the Superintendent of SCI-Albion, and thus has supervisory authority, does not establish his personal involvement. *Chinchello*, 805 F.2d at 133 ("a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates"). The claims against Clark will be dismissed.

Regarding Varner and Moore, Williams has likewise failed to allege their personal involvement. Their presence in this case stems solely from their role in the grievance review

9

process, which is insufficient to support a claim as a matter of law. *Rogers*, 696 F.Supp.2d at 488 ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official."). While Williams stated that they "had access to his medical records and all his requests to staff," mere access to such information does not suffice to establish their personal involvement. *Mincy*, 508 Fed. App. at 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). The claims against Varner and Moore will be dismissed.

C. Defendant Jones

Williams alleged that Jones informed him that "there was no video footage available" of an incident in which Williams was forced to walk back from the medical department with the aid of another inmate. It is not clear what Williams' theory of liability is against Jones, and this Court can discern none. Because a motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, *Kost*, 1 F.3d at 183, and the Court cannot identify any claim based upon Williams' allegation, the claim against Jones will be dismissed.

D. Defendant Ennis

Williams named Paul Ennis, the Deputy Superintendent of SCI-Albion, as a defendant but did not include in his complaint any allegations against him. Given the absence of allegations that Defendant Ennis engaged in conduct that resulted in a deprivation of Williams' constitutional right, the Court must dismiss this action as to him. *See Stevens v. Dickey*, 2019 WL 4749979, at *5 (W.D. Pa. Sept. 30, 2019) (dismissing the Secretary of the Pennsylvania Department of Corrections because the plaintiff directed no single allegation at him); *see also*

10

*Mearin v. Swartz*, 951 F.Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

IV.     Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

The Court cannot conclude that amendment would be futile. All the defects in Williams' complaint stem from a lack of detail rather than a fundamental legal bar. Accordingly, Williams is granted leave to amend his complaint within twenty (20) days regarding the claims raised against Defendants Clark, Ennis, Jones, Varner, and Moore.

Williams is reminded that an amended complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018).

V. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 33] is GRANTED, without prejudice, as to Defendants Clark, Ennis, Jones, Varner, and Moore, and DENIED as to Defendants Edwards and Smock.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: November 26, 2019